IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEONARD WRIGHT | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 10-264 |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA ET AL. | : | |

**ORDER**

**AND NOW**, this _8th_ day of _April_, 2013, upon consideration of the Petition for Writ of Habeas Corpus, and after review of the Report and Recommendation of United States Magistrate Judge Thomas J. Rueter and Petitioner's pro se[1] Objections to the Report and Recommendation, it is **ORDERED** as follows:

1. Petitioner's Objections are **OVERRULED**.[2]

---

[1] Pro se pleadings are subject to a liberal review. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," is to be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011).

[2] We review *de novo* those portions of the Magistrate Judge's Report and Recommendation to which specific objections have been made. 28 U.S.C. § 636(b)(1)(B); *Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 250 (3d Cir. 1998).

Petitioner was convicted by a jury in the Court of Common Pleas of Philadelphia County of one count of forgery. He was sentenced to two years probation. (No. CP-51-CR-0005535-2007.) Petitioner's conviction was the result of his submission of a forged master's degree from Drexel University as part of his application for employment with the Borough of New Hope, Pennsylvania.

On appeal to the Superior Court of Pennsylvania, Petitioner raised two issues: 1) whether the evidence was sufficient as a matter of law to support the conviction for forgery; and 2) whether the trial court erroneously denied Petitioner's motion for a new trial based on the claim that the verdict was against the weight of the evidence. The Superior Court affirmed Petitioner's conviction. *Commonwealth v. Wright*, No. 08-1214, slip op. at 3 (Pa. Super. Ct. Apr. 6, 2009); *Commonwealth v. Wright*, 974 A.2d 1195 (Pa. Super. Ct. 2009). The Pennsylvania Supreme Court denied Petitioner's request for review. *Commonwealth v. Wright*, 980 A.2d 608 (Pa. 2009). Petitioner did not seek *certiorari* in the United States Supreme Court.

Petitioner did not file a petition for relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541 *et seq.* Petitioner filed a Petition for a Writ of Habeas Corpus in this Court on January 20, 2010. (Pet., ECF No. 1.) Petitioner filed a revised Petition on August 27, 2010, pursuant to our Order. (Am. Pet., ECF No. 6.) On January 4, 2011, Chief Magistrate Judge Thomas Rueter issued a Report and Recommendation ("R & R"). (ECF No. 16.) Petitioner responded with Objections on January 17, 2011. (ECF No. 17.)

Petitioner's Objections are clearly directed at the Commonwealth's Answer to his Petition (ECF No. 14), and are not objections to the Report and Recommendation. Since we construe a pro se party's submissions liberally, we will treat them as objections to the R&R where applicable. The time for Petitioner to file additional objections has passed. (*See* Fed. R. Civ. P. 72(b) (establishing 14-day time limit to file objections to Magistrate Judge's report and recommendation).)

Petitioner offers two concrete objections. First, he argues that we can exercise jurisdiction over this matter despite the fact that he is no longer on probation. (Objections ¶ 1.) Second, he claims that his claims are not procedurally defaulted, and that his failure to timely file PCRA claims was the result of ineffective assistance of counsel. (*Id.* at ¶ 3.) Petitioner notes that he is no longer eligible for state court PCRA review. (*Id.* at ¶ 4.)

We agree with Petitioner's first objection, which does not contradict the R&R. An individual can seek habeas relief if he is in custody, which includes a term of probation, at the time the petition is filed. *Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003). As the R&R notes, Petitioner was on probation at the time he filed the Petition. (R&R 1 n.1.) Thus we can exercise jurisdiction over Petitioner's claims.

Petitioner's second objection, which asks us to review the merits of his procedurally defaulted claims, lacks merit. Petitioner claims that his attorney failed to inform him that state collateral review was available, thereby preventing him from timely filing a PCRA claim.

When a claim has been procedurally defaulted in state court, federal habeas review is barred unless Petitioner can show cause for the default and actual prejudice, or a resulting fundamental miscarriage of justice if the court does not review the claims. *Carpenter v. Vaughn*, 296 F. 3d 138, 146 (3d Cir. 2002). In order to show "cause," Petitioner must point to the existence of some objective, external factor that impeded his efforts to comply with Pennsylvania's procedural rules. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Prejudice" can be shown if the petitioner can demonstrate that the outcome of the state proceeding was unreliable or fundamentally unfair as a result of a violation of federal law. *See Lockhart v. Fretwell*, 506 U.S. 364, 366 (1993).

Petitioner claims his counsel failed to inform him of his right to file a PCRA petition, thus causing his procedural default. However, "[a]ny attorney error that led to the default of [Petitioner's] claims in state court cannot constitute cause to excuse the default in federal habeas." *Coleman v. Thompson*, 501 U.S. 722, 757 (1991). Since Petitioner can not show cause for his procedural default, we do not reach the question of whether the default prejudices him.

Petitioner cannot show that a fundamental miscarriage of justice would result if we were to treat his unexhausted claims as procedurally defaulted. To qualify for this exception, a petitioner's claim must amount to a "colorable showing of factual innocence." *McCleskey v. Zant*, 499 U.S. 467, 495 (1991). Therefore, Petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513

2

2. The Report and Recommendation is **APPROVED** and **ADOPTED**.

3. The Petition for Writ of Habeas Corpus is **DENIED in part** and **DISMISSED in part**.

4. No Certificate of Appealability shall issue.[3]

**IT IS SO ORDERED.**

BY THE COURT:

R. BARCLAY SURRICK, J.

---

U.S. 298, 327 (1995). Although Petitioner raises a host of claims in his Objections, he nowhere makes a colorable showing of factual innocence. There is no basis upon which to conclude that a fundamental miscarriage of justice would result from our compliance with the procedural default rule.

In his Objections, Petitioner offers no new challenges to the evidence used against him at trial. (*Id.* at ¶ 2.) Such allegations were thoroughly addressed in the R&R. (R&R 7-9.) Petitioner offers no additional information which would justify restating the findings of the Magistrate Judge as to Petitioner's challenges to the weight and sufficiency of the evidence used to convict him. Petitioner raises new issues—for example, that jurors improperly researched the case on the Internet—that are procedurally defaulted because they were not originally raised in state court. Finally, Petitioner claims he was wrongfully terminated because of his race. (Objections at ¶ 2.) Such allegations are beyond the scope of this Court's review of Petitioner's criminal conviction.

Petitioner's Objections are insufficient to justify rejecting or modifying the R&R. Accordingly, we adopt the R&R and decline to hold an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2).

[3] A certificate of appealability only issues if reasonable jurists could disagree with the Court's disposition of this matter. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). No reasonable jurist could disagree with our conclusion that Petitioner's claims are meritless or defaulted.

3